UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21429-BLOOM/Otazo-Reyes

GERTI MUHO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS
ON MOTION TO VACATE, SET ASSIDE, OR CORRECT SENTENCE,
AND FOR NEW TRIAL, PURSUANT TO 28 U.S.C. § 2255**

**THIS CAUSE** is before the Court upon Movant Gerti Muho's Motion to Vacate, Set Aside, or Correct Sentence, and for New Trial, Pursuant to 28 U.S.C. § 2255, ECF No. [1], filed on June 3, 2022 ("Motion"). The Motion was previously referred to the Honorable Alicia M. Otazo-Reyes for a Report and Recommendations ("R&R") on all dispositive matters. *See* ECF No. [5]. On June 6, 2023, the Magistrate Judge issued a R&R recommending that the Motion be denied. ECF No. [43]. The R&R states that the Movant shall file any objections within fourteen days of the date of service of a copy of the R&R. *Id*. To date, Movant has filed no objections, nor has he sought additional time in which to do so.

Nevertheless, the Court has conducted a *de novo* review of the R&R and the record in this case, and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds the R&R to be well reasoned and correct. The Court therefore agrees with the analysis in the R&R and concludes that the Motion must be denied for the reasons set forth therein.

Case No. 22-cv-21429-BLOOM/Otazo-Reyes

A movant seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, in order to do so, they must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if a movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where, as here, the district court has rejected a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Movant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Upon consideration of the record, the Court concludes that no certificate of appealability shall issue.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [43]**, is **ADOPTED**;
2. The Motion, **ECF No. [1]**, is **DENIED**;
3. A Certificate of Appealability is **DENIED**; and
4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 28, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Case No. 22-cv-21429-BLOOM/Otazo-Reyes

Counsel of Record